Diana Stavroulakis for the appellant, Mr. Velazquez. Why don't you pull that microphone down a bit. Am I too short for the microphone? No, that's why it's supposed to come down. Is this better? That's good, thanks. I would like to reserve five minutes for rebuttal, if I may. May I proceed? Yes. Mr. Velazquez is a state prisoner serving a sentence imposed by a Pennsylvania state court. He filed the underlying federal habeas petition alleging that he was denied his right to a direct appeal due to his prior attorney's ineffective assistance. There was an evidentiary hearing in the district court, and the important facts that were elicited at the hearing were that prior counsel did admit that he knew Mr. Velazquez wanted to appeal. He was well aware of this and plenty of time to file the appeal, but he simply did not file the appeal in a timely manner. So what's the relief you're asking for? The relief that I'm asking for is for the court to vacate the order of the district court to remand for the granting of the writ and to give the Pennsylvania state court a period of time to reinstate the appellate rights back to actually the post-sentence phase so that he could raise any post-sentencing issues as well as his right to a direct appeal. Would the state court entertain a PCRA petition at this time? They could not do so at this time because he is time barred. The one-year statute had passed by the time that Mr. Kelsey had informed Mr. Velazquez that he had not filed the direct appeal or any PCRA petition, so he cannot go back to state court at this time for any relief. Does it make any difference that the state courts would not have considered what he wanted to raise on direct appeal? In the state court, if he had established that he asked for a direct appeal and he did not get the appeal, they would not have looked to see what his underlying issues were. They would have just reinstated his appellate rights and remanded him back to move forward. I think it makes a difference as far as the district court's analysis. They went to great pains to go through what issues he might have raised on direct appeal when that was completely irrelevant to the prejudice prong of the Strickland standard in this type of a case. All Mr. Velazquez needed to show was that he had timely made his request for a direct appeal, that his counsel conceded he knew about this, and he did not file the appeal. He did not have to prove that he had any meritorious issues to raise on appeal or that he would have won on appeal. The commonwealth says that this claim was not exhausted and that the district court was in error in ruling that it was exhausted and that they could look at the merits. What's your response to that? The case was not exhausted in state court because by the time Mr. Velazquez found out that his attorney did not file a direct appeal or the PCRA, the statutory time limit had run. Didn't he have 60 days in which he could have filed a petition? From which ruling? From the time that he found out that there was no appeal filed. Didn't he have 60 days to file a petition? You're talking about after discovered evidence under the PCRA? Yes. I am not aware of case law in Pennsylvania that says he can do that. My experience with the PCRA is when he's out of time, he's out of time. Okay. So at that point, the only recourse he had was to come to the federal court and ask for this court to review the matter. So I believe that the district court was actually correct in determining that the exhaustion was excused in this case because it was too late for him to go back to state court. And it's too late now for him to go back to state court. And I would also like to point out that in the government's brief, they point out that if this court determines that there are issues of arguable merit, then you could give the recourse that's suggested by Mr. Velasquez. And I think that that is inappropriate as well. I don't think this court needs to look at the underlying issues of an appeal. I think you just need to look at the facts that were established at the evidentiary hearing, which is that Mr. Velasquez did ask for his appeal in a timely manner. And his prior counsel absolutely conceded that this was true. And he simply did not file the appeal in time or a PCRA in time and did not let his client know that until well over a year. Are there any other questions? If you're asking this, just follow Flores, Ortega, and Shetland. I'm pardoned. In effect, you're asking us just to follow Flores, Ortega, and Shedrick. And on the procedural bar, I guess you're stating that the Commonwealth has waived it. I believe that they have waived it. They have not raised it. Any procedural defect, I believe also, though that goes to the ineffectiveness claim, if he establishes that prior counsel was ineffective, it also would overcome any procedural defect. Good. Any other questions? No. We'll have you back on rebuttal. Thank you very much. Thank you very, very much. Mr. McAteer? Thank you, Your Honor. May it please the Court, my name is Robert McAteer. I'm a Deputy District Attorney in Lebanon County, and I'm here for the appellee and the respondent of the District Attorney's Office of Lebanon. I said Commonwealth by mistake. I'm sorry. Pardon? I said Commonwealth before it was my mistake. Well, we call ourselves Commonwealth, too, Judge. The District Attorney's Office would be in charge of appeals at the local level unless we're asked the AG's office to come in, as I'm sure Judge Fisher is familiar with. Let me ask you at the outset, on the equitable tolling, you really didn't make the argument before. So it appears that the matter is before us, and it hasn't been, in other words, filing outside the ethnic time period. We did not take an appeal of the district court's ruling. I believe when it was argued before the district court, our initial response and brief indicated that he was outside the period for filing his response. But in terms of the stigma of appealability, it was limited to the Flores-Ortega issue. How did we get around Flores-Ortega? I don't know that you do. I wish I was here, Judges, to argue better facts on this case. This is a toughie. I really wish I had a better case to be in front of you. The record is crystal clear that Attorney Kelsey was asked to take an appeal, and quite frankly, he didn't do it. I'm not very happy about that. Otherwise, I wouldn't be here in front of you folks. We could be fighting this out in the Pennsylvania Superior Court. Under the Flores-Ortega, it's clear from the record he expressed his desire to appeal. That appeal was never taken. It's even clear that I believe Attorney Kelsey testified that he orally told him twice in the period between conviction and during the time the pre-sentence investigation was formally before sentencing, which was, I think, January 22nd of 2003. In terms of that issue, I'm at a loss. I would agree, if this court finds that Flores-Ortega controls that Mr. Velasquez asked to take an appeal, which is pretty clear from the record he did, that the case should be ultimately remanded via the District Court to the Lebanon County Court of Common Pleas actually to reinstate his direct appeal rights, not the pro tonque. I must tell you I appreciate your candor. Well, that's my job, Judge. The argument regarding the equitable tolling, specifically that we had made regarding the PCRA Act, our argument in that position is, as of the August, I believe it's the 23rd, 2003 letter that Mr. Velasquez sent Attorney Kelsey, the light should have gone on, at least in his mind, that this guy's not doing anything for me. Why am I filing my PCRA to have my direct appeal rights reinstated, not pro tonque, which I think the trial court would have granted pretty much automatically. But yes, the PCRA deadline was blown as well. Mr. Kelsey didn't get back to him, I think, until April of 2004, and the PCRA deadline would have been the end of February of 2004. But if this court finds that Flores-Ortega controls, and I'm here to tell you that it does, it goes all the way back to the Lebanon County Court of Common Pleas and we start over in the Superior Court. Any other questions? Well, doesn't 9545 of the PCRA statute provide for a 60-day window if facts that were unknown to the petitioner are later discovered? It does, Judge, if it's regarding after-discovered evidence. As a practical matter, I believe this defendant would have a tough road to hoe under that 60-day window because it should appear at least clear from the record that he knew as of six months before the PCRA deadline expired in August of 2003 that no PCRA had been filed on his behalf. So the after-discovered evidence argument was one I'm sure he's going to make, but that has been very strictly construed by both the Pennsylvania Superior Court and the Pennsylvania Supreme Court that it is only after-discovered evidence that could not have been found by the petitioner with the exorcism of due diligence. Any other questions? Mr. McAteer, thank you very much. Ms. Stavroulakis, are you sure you want to come up? I do appreciate that. You're sure you want to come up now? Just I want to make one thing clear, and that's with Judge Fischer's question about the 60-day time period, is that in thinking about that while I was sitting down, in the first instance, if a Pennsylvania state prisoner did not file a timely PCRA, he cannot claim that it wasn't filed due to the ineffectiveness of his attorney in not filing it. So I don't believe he would be able to, in this instance, say, well, I found out in 2004 that he didn't file it and I have 60 days to file the petition now. I think the after-discovered evidence rule is actually something else. You can't use a claim that your attorney was ineffective for not filing. That's not considered in that provision. That's the only reason I stood up. Otherwise, I wouldn't have. Any other questions? Good. Ms. Deverlochus, you are appointed counsel here, is that right? I am. The court thanks you very much for the service you've provided. Both counsel have done an excellent job in this case, and we thank you both. We thank you for helpful argument. Thank you very much. We'll take the matter under advisement.